UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:20-cr-00097-JRS-TAB |
| LISA ROTH, | ) ) | -19 |
| Defendant. | ) ) | |

**Order on Sentence Reduction**

Lisa Roth was convicted of Conspiracy to Distribute 50 Grams or More of Methamphetamine (Mixture), in violation of 21 U.S.C. §§ 841(a)(1) and 846, and sentenced to 110 months' imprisonment. (Judgment, ECF No. 1045.) Now before the Court are Roth's Motions to reduce her sentence under 18 U.S.C. § 3582, USSG § 1B1.10, and Amendment 821 to the Sentencing Guidelines. (ECF Nos. 1481, 1509.)

**I.    Legal Standard**

The Court may modify an imposed sentence of imprisonment under 18 U.S.C. § 3582(c)(2) to reflect changes in the sentencing guidelines where authorized by policy statements from the Sentencing Commission. The policy statement at USSG § 1B1.10 provides that the Court "may reduce" a defendant's sentence to reflect certain amendments to the Sentencing Guidelines. Those amendments are set forth in § 1B1.10(d). Relevant here is Amendment 821, Part A, "Status Points under § 4A1.1," which in certain instances reduces, from two criminal history points to one, the penalty for offenses committed while under sentence or on probation for another offense. Still, the Court is directed to consider the 18 U.S.C. § 3553(a) statutory

factors in deciding whether and how to reduce a sentence. 18 U.S.C. § 3582(c)(2); USSG § 1B1.10, comment. (n.1(B)).

## II. Discussion

Roth committed the offense of conviction while under sentence for another offense. (Pre-Sentence Investigation Report ¶ 45, ECF No. 865.) Roth argues, correctly, that under the amended USSG § 4A1.1(e), she would receive only one additional criminal history point for violating the other sentence, instead of two under the old USSG § 4A1.1(d). (Supplemental M. for Sentence Reduction, ECF No. 1509.)

Roth does not, however, benefit from the one-point reduction to her criminal history under the new USSG § 4A1.1(e). Anyone with 13 or more criminal history points is in criminal history category VI. And Roth had 17 criminal history points just from prior convictions, even before the application of the USSG § 4A1.1(d) or (e) penalty. (Pre-Sentence Investigation Report ¶ 44, ECF No. 865.) So, Roth is in criminal history category VI either way: under the old USSG § 4A1.1(d), with the two-point penalty, she had 19 total criminal history points, and under the new USSG § 4A1.1(e), she would have had 18 total criminal history points. It makes no difference to her category. That means that the offense level of 25, with an unchanged criminal history category of VI, still yields a guidelines range of 110–137 months' imprisonment.

The Court may only "reduce" a defendant's sentence—that is, the Court can act only where "the guideline range applicable to that defendant has subsequently been lowered." USSG § 1B1.10(a)(1), p.s.; 18 U.S.C. § 3582(c)(2). Here, Roth's applicable

guideline range has not been lowered, and the Court may not reduce her sentence. Because a sentence reduction is not allowed, the Court does not reach the 18 U.S.C. § 3553(a) factors, which would otherwise guide its decision to reduce the sentence. Roth is nonetheless encouraged to continue her good work at rehabilitation.  (*See* M. to Reduce Sentence 6–7, ECF No. 1481 (continuing education classes, good behavior, and strong community support); Supplemental M. 3, ECF No. 1509 (same).)

The 110-month term of imprisonment remains as imposed at sentencing.

### III.   Conclusion

The Court finds that Roth's applicable guideline range has not changed under the new § 4A1.1, because her criminal history points still put her in criminal history category VI.  Roth's Motions for a reduced sentence, (ECF Nos. 1481, 1509), are **denied.**

**SO ORDERED.**

Date: 02/20/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana


Distribution by U.S. Mail to:

Lisa Renee Roth
# 17583-028
FMC Lexington Satellite Camp.
P.O. Box. 14525
Lexington, KY 40512

Distribution by CM/ECF to:

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Colin Clark
United States Attorney's Office, Indiana Southern Distr
Colin.Clark@usdoj.gov

Matthew Edward Kroes
MARC LOPEZ LAW FIRM
mk@marclopezlaw.com

Jacob Leon
Indiana Federal Community Defenders
Jacob_Leon@fd.org

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kathryn.olivier@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov